

FILED _____ LODGED
_____ RECEIVED

SEP 25 2008

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

08-MJ-05204-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EZEKIEL ALON HAMPTON, and,<br>KATRINA MARIE GRAUMAN<br><br>Defendants. | CASE NO. M J08-5204<br><br>COMPLAINT for VIOLATION<br>Title 21, U.S.C. §§ 841(a) & (b) and 846<br>Title 18, U.S.C. §§ 922(g)(1) and 924(c) |

BEFORE KAREN STROMBOM, United States Magistrate Judge,
Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

**(Conspiracy to distribute cocaine and cocaine base in the form of crack)**

Beginning at a time unknown but during September 2007, and continuing until on or about June 24, 2008, EZEKIEL ALON HAMPTON, KATRINA GRAUMAN, and others known and unknown, knowingly and intentionally did conspire to distribute cocaine and cocaine base in the form of crack, both substances controlled under Schedule II of Title 21, United States Code, Section 812.

The complainant alleges that this offense involves five (5) grams or more of a mixture or substance containing cocaine base in the form of crack.

COMPLAINT/HAMPTON — 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

2

3                                    **COUNT 2**

4              **(Possession with intent to distribute cocaine base in the form of crack)**

5          On or about June 24, 2008, at Tacoma, within the Western District of Washington,

6    EZEKIEL ALON HAMPTON and KATRINA GRAUMAN knowingly and intentionally

7    possessed, and aided and abetted in the possession of, with the intent to distribute, cocaine base

8    in the form of crack, a substance controlled under Schedule II, Title 21, United States Code,

9    Section 812.

10         The Complainant further alleges that this offense was done during and in furtherance of

11   the conspiracy charged in Count 1 above.

12         The Complainant further alleges that this offense involved in five (5) grams or more of a

13   mixture or substance of cocaine base in the form of crack.

14         All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

15

16                                   **COUNT 3**

17                    **(Possession with intent to distribute cocaine)**

18         On or about June 24, 2008, at Tacoma, within the Western District of Washington,

19   EZEKIEL ALON HAMPTON and KATRINA GRAUMAN knowingly and intentionally

20   possessed, and aided and abetted in the possession of, with the intent to distribute, cocaine a

21   substance controlled under Schedule II, Title 21, United States Code, Section 812.

22         The Complainant further alleges that this offense was done during and in furtherance of

23   the conspiracy charged in Count 1 above.

24         All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

25

26

27

28

COMPLAINT/HAMPTON — 2

1

## COUNT 4

2

### (Possession of a Firearm in furtherance of a drug trafficking offense)

3        On or about June 24, 2008, at Tacoma, within the Western District of Washington,

4 EZEKIEL ALON HAMPTON and KATRINA GRAUMAN, did possess, and aid and abet in the

5 possession of, a firearm, to wit: one Browning .25 caliber semiautomatic handgun, in

6 furtherance of a drug trafficking offense, that is, the conspiracy to distribute cocaine and cocaine

7 base in the form of crack, as charged in Count 1 above.

8        All in violation of Title 18, United States Code, Section 924(c).

9

## COUNT 5

10

### (Felon in Possession of a Firearm)

11        On or about June 24, 2008, at Tacoma, within the Western District of Washington,

12 EZEKIEL ALON HAMPTON, having been convicted of a crime punishable by imprisonment

13 for a term exceeding one year, to wit: Assault in the First Degree, in the King County Superior

14 Court of Washington, cause number 92-1-08027-0 did knowingly possess a firearm that is, one

15 Browning .25 caliber semiautomatic handgun, which has been shipped and transported in

16 interstate commerce.

17        All in violation of Title 18, United States Code, Section 922(g)(1).

18        And the complainant further states:

19        1.     I, Tarna Derby-McCurtain, am a Special Agent of the Federal Bureau of

20 Investigation (FBI). I have been a Special Agent for 20 years and am responsible for

21 investigating violations of federal law.

22        2.     This complaint is based upon my own investigation, as well as upon information

23 provided to me, and my review of reports prepared by, other law enforcement officers. The

24 information set forth in this complaint is not intended to detail each and every fact and

25 circumstance of the investigation or all information known to me or the investigative

26 participants. Rather, this affidavit serves to establish that probable cause exists to believe that

27 EZEKIEL ALON HAMPTON and KATRINA GRAUMAN committed the crime of conspiracy

28 to distribute cocaine, and possession of cocaine with intent to distribute in violation of Title 21,

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | United States Code, Sections 841(a)(1) and 846; and possessed a firearm in furtherance of a drug

2 | trafficking crime in violation of Title 21, United States Code, Section 924(c).

3 |    3.    On or about February 8, 2008, I was contacted by Detective Ryan Larson,

4 | Lakewood Police Department, who stated that a young female, herein referred to as Jane Doe-1[1],

5 | had just been picked up by the Lakewood police and transported to St. Clare's Hospital to be

6 | treated for injuries she had sustained during an altercation. During the interview, Jane Doe-1

7 | provided information about EZEKIEL ALON HAMPTON.

8 |    4.    Jane Doe-1 stated that HAMPTON had several girls working for him as

9 | prostitutes. She identified one of the girls as "Katrina".

10 |    5.    Jane Doe-1 also stated that HAMPTON is a "big" crack cocaine dealer and sells

11 | marijuana too. She also stated that HAMPTON carried guns and had "his girls" cut and package

12 | the crack cocaine for him. HAMPTON would store the drugs and guns in female purses.

13 |    6.    On June 24, 2008, the Tacoma Police Department executed two Pierce County

14 | Superior Court search warrants for narcotics. The addresses targeted in the warrants were (1)

15 | The Days Inn, 6902 Tacoma Mall Blvd. #147, Tacoma, Washington and (2) 1928 Martin Luther

16 | King Way, Tacoma, Washington. The suspects of the narcotics investigation were EZEKIEL

17 | ALON HAMPTON and KATRINA GRAUMAN.

18 |    7.    I have reviewed the police report related to these two searches. At the Days Inn,

19 | the law enforcement officers located KATRINA GRAUMAN and Sonya McKay. In the search

20 | of the room, Officer Aaron Quinn, located a plastic bag containing an amount of what appeared

21 | to be crack cocaine. Officer Quinn is a trained narcotics officer and recognized that suspected

22 | crack cocaine was separately packaged consistent with being held for sale to others. This

23 | package was seized. It field tested positive for the presence of cocaine and weighed

24 | approximately 20 grams.[2] There were several condoms in the drawers and in both purses of the

25 |

26 | _____

27 |    [1] The use of Jane Doe-1 is being used to protect the identity of the female and for her privacy interests.

28 |    [2] The field test does not test for crack cocaine but only cocaine. However, based upon my observations of Officer Quinn's investigation, I believe that the substance found on this occasion was crack cocaine based upon its appearance.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  females.  The room was registered to McKay.  Both GRAUMAN and Mckay were arrested.

2  According to a "Declaration for Determination of Probable Cause, Cause No. 08-1-03019-1",

3  which I reviewed on September 25, 2008, the officers also located a photograph of HAMPTON

4  on a table top and court documents bearing HAMPTON's name.  Two cellular telephones were

5  seized and one of the telephones had HAMPTON's picture on the screen.

6       8.      The officers also located a motorcycle parked outside of room # 147.  The

7  motorcycle is registered to HAMPTON's brother and officers have observed EZEKIEL ALON

8  HAMPTON repeatedly driving it.

9       9.      At the Martin Luther King address, the law enforcement officers located

10  EZEKIEL HAMPTON and a female, Erica Kay Deleon.  HAMPTON is on active Department of

11  Corrections supervision and lists 1928 Martin Luther King Way, Tacoma as his current address.

12  Tacoma Police Officer K.P. Smith located what appeared to be suspected cocaine and a loaded

13  Browning Arms .25 caliber semi-automatic handgun in a lavender colored purse in a bedroom

14  located on the second floor.   The suspected white substance field tested positive for the presence

15  of cocaine and weighed approximately 117.3 grams, including packaging.  In the same purse,

16  officers found a Department of Health and Social Services document bearing HAMPTON's

17  name.  Also in this bedroom officers found a roll of clear plastic baggies, a box of sandwich

18  baggies, and mail in HAMPTON's name.  There were women's clothes in the closet and the

19  name "Katrina" over the closet door.  Officer Quinn determined that the cocaine was beyond the

20  amount for personal use.

21       10.     Also, in the residence, Officer Bowers located $3,934.00 in cash, which he noted

22  was in denominations consistent with street level narcotics sales.

23       11.     Prior to the execution of the search warrant, Officer Quinn conducted surveillance

24  of the Martin Luther King address and observed both EZEKIEL ALON HAMPTON and

25  KATRINA GRAUMAN entering and exiting that address numerous times.  Officer Quinn also

26  observed both HAMPTON and GRAUMAN exiting the Days Inn.  He conducted a background

27  investigation on 1928 Martin Luther King and determined that both GRAUMAN and

28  HAMPTON were listed as residing at that address.

COMPLAINT/HAMPTON — 5

1       12.    On July 28, 2008, I conducted a second interview of Jane Doe-1.  Jane Doe-1

2  stated that HAMPTON sold crack cocaine out of his house located on Martin Luther King Way.

3  She observed HAMPTON cooked up crack cocaine at the MLK house on one occasion.

4  HAMPTON would use his prostitutes to run the crack to customers and assist in selling it.

5       13.    Jane Doe-1 was aware that HAMPTON kept his drugs and money in a women's

6  purse.  He would put the identification of one of his girls inside the purse.  If the police stopped

7  him, or searched his car or residence, they would find the illegal contraband in the purse.  This

8  gave HAMPTON denial ability.  He would have the girls claim the drugs as theirs.

9       14.    Recently, I interviewed a cooperating individual (CI) who is facing federal drug

10  charges and cooperating with the government.  The CI indicated that he has known HAMPTON

11  for about three to four years.  The CI was aware that HAMPTON was selling crack cocaine.  For

12  approximately seven to eight months in approximately 2007, the CI was selling crack cocaine to

13  HAMPTON.  During this time period which he estimated to be about seven months, HAMPTON

14  was purchasing two to three ounces of crack cocaine from the CI.  After a while the roles

15  reversed and the CI began obtaining crack cocaine from HAMPTON.  The CI recalled that he

16  was buying crack cocaine from HAMPTON from the later part of Summer 2007 through October

17  2007.  During this time frame, on one occasion the CI recalled obtaining approximately three to

18  four ounces of crack cocaine from HAMPTON.  On another occasion he bought one to two

19  ounces of crack cocaine from HAMPTON.   The CI was also aware that in the Summer of 2007,

20  HAMPTON began carrying a firearm which he believed to be a 9 mm semiautomatic handgun.

21       15.    On August 11, 2008, Officer Patrick Stephen, Tacoma Police Department

22  interviewed Jane Doe- 2, who is a minor and worked as a prostitute under the direction of

23  HAMPTON for about two years.  According to Jane Doe-2, HAMPTON would often have the

24  girls he prostituted carry crack cocaine, ecstasy and marijuana.  She stated "Katrina" was the

25  female he used the majority of the time to carry the drugs.  The girls would also sell the narcotics

26  for HAMPTON.

27       16.    I am aware that EZEKIEL HAMPTON has prior felony convictions dating back

28  to 1993.  On or about May 14, 1993 he was convicted of  Assault in the First Degree in King

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   County Superior Court cause number 92-1-08027-0 and sentenced to 111 months in prison, and

2   is therefore prohibited from possessing a firearm. I have spoken with Special Agent Richard

3   Byrd of the Bureau of Alcohol, Tobacco, Firearms, and Explosives and learned that Browning

4   handguns are not manufactured in the State of Washington. Therefore, the firearm seized from

5   HAMPTON's residence had previously traveled in interstate commerce.

6        16.    Based upon the above, I believe there is probable cause that EZEKIEL

7   HAMPTON and KATRINA GRAUMAN were involved in a conspiracy to distribute

8   cocaine and cocaine base in the form of crack, and that they possessed with intent to distribute

9   cocaine base and cocaine, in violation of Title 21, United States

10   Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) and 846, and that EZEKIEL

11   HAMPTON and KATRINA GRAUMAN possessed a firearm in furtherance of a drug trafficking

12   offense in violation of Title 18, United States Code, Section 924(c), and that EZEKIEL

13   HAMPTON possessed a firearm as a convicted felon in violation of Title 18, United States Code,

14   Section 922(g)(1).

15

16

17

18   TARNA DERBY-McCURTAIN, Complainant
    Special Agent, FBI

19

20       Based on the Complaint and Affidavit sworn to before me, and subscribed in my

21   presence, the Court hereby finds that there is probable cause to believe the defendants committed

22   the offenses set forth in the Complaint.

23       Dated this _____ day of September, 2008

24

25

26

27   KAREN L. STROMBOM   J. Kelly Arnold
    United States Magistrate Judge

28

COMPLAINT/HAMPTON — 7