Judge Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,       )
                                )        NO.    CR08-5671BHS
                Plaintiff,      )
                                )        GOVERNMENT'S SUPPLEMENT
        v.                      )        JOINT MOTION TO CONTINUE
                                )        TRIAL DATE
EZEKIEL HAMPTON, and,           )
KATRINA GRAUMAN                 )
                                )
                Defendant.      )
_____ )

## I.  INTRODUCTION

The United States of America, by and through Jeffrey C. Sullivan, United States

Attorney for the Western District of Washington, and Bruce F. Miyake, Assistant

United States Attorney for said District, files this supplement to defendant, KATRINA

GRAUMAN's, request for a continuance of the trial date.

## II.  BACKGROUND

The defendant, EZEKIEL HAMPTON and others including KATRINA

GRAUMAN were involved in prostitution and the sale of crack and cocaine.  The

government's investigation has shown that HAMPTON would recruit or cause others to

recruit females, including juvenile females, for the purpose of engaging in prostitution.

As part of this scheme, HAMPTON and his underlings would advertise the females on

internet sites such as Craigs List for sexual services.  Additionally, HAMPTON would

use his prostitutes to assist him in the sale of illegal drugs.  According to one witness,

HAMPTON would have the girls assist him in the packaging of the drugs and delivery of

1    the drugs to customers.  All of the money made from this operation, prostitution and

2    drugs, would go to HAMPTON.

3        On June 24, 2008, the Tacoma Police Department served two narcotics search

4    warrants.  One of the search warrants was at the Days Inn, located at 6902 Tacoma Mall

5    Blvd. #147, Tacoma, Washington and the other warrant at HAMPTON's residence,

6    located at 1928 Martin Luther King Way, Tacoma, Washington.  The officers located

7    KATRINA GRAUMAN and Sonya McKay, two of HAMPTON's prostitutes, at the Days

8    Inn motel room.  In the motel room, a quantity of crack cocaine was recovered.

9        HAMPTON was found at the 1920 Martin Luther King Way residence with

10   another female, Erica DeLeon.  During a search of that residence, a purse containing

11   approximately 117 grams of cocaine and a loaded firearm were recovered.  According to

12   a government witness, HAMPTON would keep his drugs and guns in a female's purse in

13   order to insulate himself from criminal liability.

14       As a result of the above, HAMPTON and GRAUMAN were initially charged in

15   Pierce County Superior Court with a series of state drug charges.

16       On September 25, 2008, the government filed a complaint charging HAMPTON

17   and GRAUMAN with conspiracy to distribute cocaine and cocaine base, possession with

18   intent to distribute cocaine, possession with intent to distribute cocaine base, and

19   possession of a firearm in furtherance of a drug trafficking offense.  *See Docket No. 1*.

20   On October 2, 2008, the Grand Jury for the Western District of Washington indicted

21   HAMPTON and GRAUMAN for the same charges set forth in the complaint.  *See Docket*

22   *No. 13*.  If convicted of these offenses, the defendants would face a mandatory minimum

23   of 15 years and a maximum sentence of life imprisonment.

24       A trial date of December 9, 2008, was set at the time of arraignment.

25       On November 3, 2008, GRAUMAN filed a motion to continue the trial date.  *See*

26   *Docket No. 25*.  There have been no previous continuances in this matter.

27       On November 6, 2008, the government provided partial discovery to the

28   defendants.  The government has additional discovery it intends to provide to the defense

GOVERNMENT'S SUPPLEMENT TO MOTION FOR
CONTINUANCE/HAMPTON and GRAUMAN— 2
CR08-5671BHS

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   including the results of the search of defendants' computers, cellular telephones, and

2   digital cameras.

3        The government has continued to investigate the matter and intends to supersede

4   the indictment to add  a charge of conspiracy to engage in sexual trafficking of a child

5   and at least one substantive count of sexual trafficking of a minor, in violation of Title 18,

6   United States Code, Section 1591(a)(1) and (b)(2).  This offense will carry a mandatory

7   minimum of ten years.

8        The undersigned has spoken with Ronald Ness, attorney for co-defendant

9   KATRINA GRAUMAN, who is requesting a continuance in order for him to conduct an

10  adequate investigation and be properly prepared for trial.  As of this date, the co-

11  defendant, EZEKIEL HAMPTON, has not sought a severance of counts or from

12  GRAUMAN.  Thus, he is properly joined for trial.

### III.  LEGAL STANDARD AND ARGUMENT

14       Under the Speedy Trial Act, 18 U.S.C. § 3161 et al, a defendant's trial must

15  commence within 70 days of the later of the filing of the indictment or the defendant's

16  first appearance in the court in which the charges are pending.  *See, 18 U.S.C. §*

17  *3161(c)(1)*.  However, the Speedy Trial Act excludes certain periods of times from the

18  70-day calculation.  *See, 18 U.S.C. § 3161(h)(1)-(8)*.

19       The Act specifically addresses situations involving multiple defendants.  Under the

20  Act, any period of time from the "filing of the [pretrial] motion through the conclusion of

21  the hearing on or other prompt disposition of, such motion" is excluded from the

22  calculation of the 70-day rule.  *18 U.S.C. § 3161(h)(1)(F)*.  It is well settled that a pretrial

23  motion filed by one defendant affects all defendants.  *United States v. Wirsing*, 867 F.2d

24  1227, 1230 (9th Cir. 1989); *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).

25  Further, under Section 3161(h)(7) a Court shall exclude a reasonable period of delay

26  "when the defendant is joined for trial with a codefendant as to whom the time has not

27  run and no motion for severance has been granted."

28

GOVERNMENT'S SUPPLEMENT TO MOTION FOR
CONTINUANCE/HAMPTON and GRAUMAN— 3
CR08-5671BHS

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The Act also allows a district court to grant reasonable continuances where the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *18 U.S.C. § 3161(h)(8)(A)*. In granting a continuance, the district court may consider whether the failure to grant a continuance would result in a miscarriage of justice, *18 U.S.C. § 3161(h)(8)(B)(i),* whether due to the nature of the prosecution that it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" of the Act, *18 U.S.C. § 3161(h)(8)(B)(ii),* or whether, in a case where the case is not so unusual or complex, that failure to grant a continuance would nonetheless unreasonably deny the defendant continuity of counsel or the reasonable time necessary for effective preparation taking into account the exercise of due diligence. *18 U.S.C. § 3161(h)(8)(B)(iv)*. The need for counsel to effectively prepare the matter for pretrial motions and trial is grounds for a continuance. *United States v. Henderson* 746 F.2d 619, 624 (9th Cir. 1984) (proper to continue a trial to allow counsel to prepare pretrial motions). *See also, United States v. Kramer*, 781 F.2d 1380, 1389-90 (9th Cir. 1986) (defense counsel's request for continuance properly granted over defendant's objection, where counsel needed time to be adequately prepared).

In this case, the speedy trial clock was tolled as to both defendants when, on November 3, 2008, GRAUMAN filed her pretrial motion for a continuance of the trial. As of the date of the filing of that motion approximately 32 days had elapsed leaving approximately 38 additional days of speedy trial available. Though, HAMPTON has not joined in GRAUMAN's motion and has recently filed an objection to any continuance, *see Docket No. 26*, it nonetheless tolls the speedy trial clock as to him as well.

As noted above, this case is not a simple drug conspiracy but involves a complicated scheme wherein HAMPTON recruited and employed females to work as prostitutes and drug runners for him. Even if the government does not file a superseding indictment, evidence of the scheme HAMPTON employed to recruit and use females in the prostitution would be admissible since it is inextricably intertwined with the facts of

GOVERNMENT'S SUPPLEMENT TO MOTION FOR
CONTINUANCE/HAMPTON and GRAUMAN— 4
CR08-5671BHS

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

this case.  The government will seek to introduce evidence which establishes that HAMPTON had control over the various prostitutes, controlled the money, and most of the decisions regarding their illegal activities.

The government is still in the process of providing discovery and making the physical items available for the defendants' attorneys to view.  When the government adopted this case, we obtained the computers, digital cameras, and cellular telephones. Those items have been searched and will be made available to the defense.  Further, the government recently received additional reports from the FBI which it will provide to the defense.

It is difficult to understand how either defense counsel can be adequately prepared under the above circumstances.

## IV.  CONCLUSION

Given the nature of the charges, the fact discovery has not yet been completed, and the pending superseding indictment, a continuance is appropriate so that all counsel can be adequately prepared for pretrial motions and trial.

DATED this 20th day of November, 2008.

Respectfully submitted,

JEFFREY C. SULLIVAN
United States Attorney

*s/ Bruce F. Miyake*
BRUCE F. MIYAKE
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-2077
Fax: (206) 553-0755
E-mail: Bruce.Miyake@usdoj.gov

GOVERNMENT'S SUPPLEMENT TO MOTION FOR
CONTINUANCE/HAMPTON and GRAUMAN— 5
CR08-5671BHS

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

s/JANET K. VOS
Janet K. Vos
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5041
FAX:   (206) 553-0755
E-mail:  Janet.Vos@usdoj.gov

GOVERNMENT'S SUPPLEMENT TO MOTION FOR
CONTINUANCE/HAMPTON and GRAUMAN— 6
CR08-5671BHS

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970