```
                UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
                        IN TACOMA
_____

UNITED STATES OF AMERICA,    )
                             )
             Plaintiff,      )   No. CR08-5671BHS
                             )
       vs.                   )
                             )
EZEKIEL HAMPTON,             )
                             )
             Defendant.      )
_____

          REVOCATION OF SUPERVISED RELEASE HEARING
_____


      BEFORE THE HONORABLE BENJAMIN H. SETTLE
         UNITED STATES DISTRICT COURT JUDGE


                  November 15, 2021

APPEARANCES:

Angelica Williams
Assistant United States Attorney
Representing the Plaintiff


Zenon Olbertz
Attorney at Law
Representing the Defendant
```

*Barry L. Fanning, RMR, CRR - Official Court Reporter*
*(206) 370-8507 Barry_Fanning@WAWD.uscourts.gov*
*1717 Pacific Ave - Tacoma, WA 98402*

| | | |
|---|---|---|
| 03:35:42PM | 1 | THE CLERK:  This is USA versus Ezekiel Hampton, |
| 03:35:47PM | 2 | Cause No. CR08-5671BHS.  Counsel, please make an |
| 03:35:51PM | 3 | appearance for the record. |
| 03:35:51PM | 4 | MS. WILLIAMS:  Good afternoon, your Honor. |
| 03:35:51PM | 5 | Angelica Williams for the United States. |
| 03:35:54PM | 6 | MR. OLBERTZ:  Good afternoon, your Honor.  Zenon |
| 03:35:56PM | 7 | Olbertz for Mr. Ezekiel Hampton. |
| 03:35:59PM | 8 | THE COURT:  Good afternoon.  This matter was set |
| 03:36:02PM | 9 | on a petition to revoke supervised release with a summons. |
| 03:36:09PM | 10 | The alleged violation is consuming marijuana on July 13th, |
| 03:36:16PM | 11 | 2021.  What's the intention here of Mr. Hampton? |
| 03:36:21PM | 12 | MR. OLBERTZ:  Your Honor, he is prepared to admit |
| 03:36:24PM | 13 | that violation.  I guess he is prepared to admit that he |
| 03:36:28PM | 14 | did smoke marijuana on the day. |
| 03:36:34PM | 15 | THE COURT:  All right.  Before I inquire, |
| 03:36:37PM | 16 | Mr. Hampton, Mr. Bassett, this is a Class C violation? |
| 03:36:44PM | 17 | PROBATION OFFICER:  That's correct, your Honor. |
| 03:36:45PM | 18 | THE COURT:  And his criminal history category is? |
| 03:36:49PM | 19 | PROBATION OFFICER:  A six.  That would bring the |
| 03:36:53PM | 20 | guideline range from eight to fourteen months. |
| 03:36:55PM | 21 | THE COURT:  Eight to fourteen? |
| 03:36:56PM | 22 | PROBATION OFFICER:  Correct. |
| 03:37:00PM | 23 | THE COURT:  All right.  Mr. Hampton, you have a |
| 03:37:05PM | 24 | right to deny this allegation, consuming marijuana on |
| 03:37:09PM | 25 | July 13th, 2021, and require the government to prove that, |

*Barry L. Fanning, RMR, CRR - Official Court Reporter*

(253) 882-3833 Barry_Fanning@WAWD.uscourts.gov
*1717 Pacific Ave - Tacoma, WA 98402*

```
03:37:13PM  1   if it can, at an evidentiary hearing.
03:37:15PM  2          Now, this hearing would be before me, not in front of
03:37:19PM  3   a jury.  The burden of the government would be to prove by
03:37:23PM  4   a preponderance of the evidence, that means prove it is
03:37:25PM  5   more likely true than not true, that you committed the
03:37:28PM  6   violation.  But you would be at the hearing, represented
03:37:32PM  7   by Mr. Olbertz.  Are you satisfied with Mr. Olbertz's
03:37:36PM  8   services to you here?
03:37:37PM  9          THE DEFENDANT:  Yes, I am.
03:37:38PM 10          THE COURT:  Have you been able to prepare for
03:37:40PM 11   this hearing with him?
03:37:41PM 12          THE DEFENDANT:  Honestly, no.
03:37:44PM 13          THE COURT:  All right.  Do you think you need
03:37:45PM 14   additional time in order to review with him, go over these
03:37:49PM 15   things on this violation?
03:37:51PM 16          THE DEFENDANT:  No, I don't.
03:37:53PM 17          THE COURT:  You wish to proceed here this
03:37:56PM 18   afternoon?
03:37:56PM 19          THE DEFENDANT:  Yes, I do.
03:37:57PM 20          THE COURT:  All right.  Again, you have this
03:38:04PM 21   right to a hearing.  At the hearing he is representing you
03:38:08PM 22   at no expense.  You would have the right to call your own
03:38:11PM 23   witnesses at no expense.  You have the right to testify at
03:38:14PM 24   the hearing.  You have a right to choose to not testify.
03:38:18PM 25   If you made that choice, it couldn't be used against you
```

```
03:38:20PM   1   in determining whether you committed the violation.  If
03:38:23PM   2   after exercising all of these rights the Court determined
03:38:26PM   3   you committed the violation, you would have the right to
03:38:28PM   4   appeal to a higher court to have it determine whether or
03:38:31PM   5   not all of your rights were provided.
03:38:33PM   6         Do you feel you understand your right to an
03:38:35PM   7   evidentiary hearing on this?
03:38:37PM   8             THE DEFENDANT:  Yes, I do, your Honor.
03:38:38PM   9             THE COURT:  Are you then waiving your right to
03:38:40PM  10   have an evidentiary hearing and wanting to admit this
03:38:43PM  11   violation?
03:38:44PM  12             THE DEFENDANT:  Yes, your Honor.
03:38:47PM  13             THE COURT:  Has anyone made any promises or
03:38:49PM  14   threats to you to get you to waive the hearing and admit?
03:38:53PM  15             THE DEFENDANT:  No, your Honor.
03:38:54PM  16             THE COURT:  I will ask you, do you admit or deny
03:38:56PM  17   consuming marijuana on or before July 13th, 2021?
03:39:01PM  18             THE DEFENDANT:  I admit it.
03:39:02PM  19             THE COURT:  All right.  Mr. Olbertz, do you know
03:39:05PM  20   of any reason why the Court should find your client has
03:39:10PM  21   knowingly, intelligently, and voluntarily waived his right
03:39:12PM  22   to an evidentiary hearing and admitted to this violation?
03:39:16PM  23             MR. OLBERTZ:  No, your Honor.  We had a
03:39:18PM  24   discussion outside.  I didn't find out about this hearing
03:39:23PM  25   until late last week.  And so we talked earlier today, but
```

```
03:39:29PM  1   this is a limited allegation that is pretty uncomplicated
03:39:37PM  2   in terms of the allegation itself.  I think we have had
03:39:42PM  3   sufficient time to talk.  I'm not aware of any other
03:39:45PM  4   issues that would require further discussion as to the
03:39:53PM  5   issue of the violation itself.
03:39:56PM  6           THE COURT:  All right.  Then I will find,
03:40:04PM  7   Mr. Hampton, that you have waived knowingly,
03:40:07PM  8   intelligently, and voluntarily your right to an
03:40:09PM  9   evidentiary hearing; and, similarly, admitted the
03:40:12PM 10   violation.
03:40:13PM 11       We are intending to proceed to disposition; is that
03:40:17PM 12   correct, Ms. Williams?
03:40:18PM 13           MS. WILLIAMS:  Yes, your Honor.
03:40:19PM 14           THE COURT:  What is the government's
03:40:20PM 15   recommendation here?
03:40:21PM 16           MS. WILLIAMS:  Your Honor, the government joins
03:40:24PM 17   with Probation in recommending just a modification of the
03:40:27PM 18   terms of supervised release, specifically adding two
03:40:30PM 19   conditions.  First, the treatment -- a condition of drug
03:40:34PM 20   treatment; and then, second, a condition of mental health
03:40:37PM 21   treatment.
03:40:39PM 22       In reviewing the allegations, it does seem like an
03:40:43PM 23   appropriate modification, but I will defer to Probation
03:40:46PM 24   for a more robust explanation for why those are
03:40:51PM 25   recommended.
```

03:40:51PM  1            THE COURT:  I would be happy to hear from
03:40:53PM  2   Mr. Bassett.  I didn't receive a written recommendation
03:40:55PM  3   here prior to the hearing.  Maybe I missed it.
03:41:04PM  4            PROBATION OFFICER:  Good afternoon, your Honor.
03:41:06PM  5   Yes, that's correct, we are recommending two conditions be
03:41:09PM  6   added.  Mr. Hampton's judgment does not currently have the
03:41:14PM  7   drug testing and treatment conditions.  So he submitted
03:41:17PM  8   the three required drug tests.  The first two were
03:41:21PM  9   negative, the third was positive for marijuana.
03:41:23PM 10       When I confronted him on it, he was honest about his
03:41:26PM 11   use.  He said he was using for his mental health issues.
03:41:31PM 12   I encouraged him to seek mental health counseling.  He
03:41:34PM 13   said he has done that in the past and did not find it as
03:41:36PM 14   helpful as using marijuana for treatment.  And so that is
03:41:40PM 15   why I am recommending the testing condition and the mental
03:41:43PM 16   health condition.
03:41:46PM 17            THE COURT:  All right.  Thank you.  Mr. Olbertz.
03:41:54PM 18            MR. OLBERTZ:  Your Honor, I think Mr. Hampton was
03:42:08PM 19   in this court a long time ago.  He has spent half his life
03:42:17PM 20   in prison.  And he --  I don't know if the Court recalls
03:42:25PM 21   or it had an opportunity to review the evaluations that we
03:42:28PM 22   had done back at the time of the sentencing?
03:42:36PM 23            THE COURT:  I didn't.  I went back and looked at
03:42:38PM 24   some of the documentation in the PSR, and the judgment, of
03:42:45PM 25   course.

03:42:46PM  1          MR. OLBERTZ:  The point was, and I think you
03:42:49PM  2   might remember this, he was on the streets at ten or
03:42:54PM  3   eleven years old.  That's the way -- the life he knows, or
03:42:59PM  4   he knew.
03:43:00PM  5          He went through -- he served the sentence that the
03:43:06PM  6   Court ordered.  He has been on probation for two years.
03:43:12PM  7   The only issue has been this issue.
03:43:18PM  8          Noticeably, at the time of sentencing there wasn't
03:43:20PM  9   any testing -- or there wasn't any issue of substance
03:43:25PM 10   abuse, because he doesn't have a substance abuse history.
03:43:31PM 11   He doesn't have a substance abuse issue.
03:43:36PM 12          He was applying and has been applying for Social
03:43:41PM 13   Security disability.  He has been working at jobs that
03:43:43PM 14   haven't lasted as long as he thought.  In the meantime, he
03:43:47PM 15   has been applying for Social Security disability as a
03:43:50PM 16   result of a PTSD diagnosis, and some other issues that
03:43:55PM 17   have also come up.
03:43:57PM 18          Anyway, during this process he was -- he obtained
03:44:03PM 19   some of his medical records and was required to provide
03:44:09PM 20   those to an evaluator.  And then he was required to see a
03:44:14PM 21   physician, although that occurred over the internet
03:44:18PM 22   because of the virus.
03:44:24PM 23          In any event, he received a lot of information.  One
03:44:32PM 24   of the documents that he received indicated for sleeping
03:44:34PM 25   and PTSD marijuana was a substance that potentially could

```
03:44:39PM   1   help.  So that's when he decided he was going to get his
03:44:42PM   2   marijuana card, his medical card.  And he did that in
03:44:46PM   3   June.  And then he smoked marijuana.
03:44:53PM   4           As I say, he has had two drug tests that have been
03:44:57PM   5   negative for everything.  And then after he applied for
03:45:01PM   6   Social -- for disability and started getting this
03:45:04PM   7   information, this is when he decided he would try to see
03:45:07PM   8   if that would help him.
03:45:13PM   9           There is nothing else in his bloodstream, as far as I
03:45:17PM  10   know from Probation.  They are only alleging this
03:45:20PM  11   substance.  So that's kind of the situation he's in.
03:45:29PM  12           I don't know if he was allowed --  I don't know
03:45:31PM  13   whether he continued using it or not.  He doesn't really
03:45:35PM  14   know at this moment whether it really is helpful for him.
03:45:40PM  15           All of a sudden he is -- he needs to now start in a
03:45:50PM  16   program for narcotic addiction, drug dependency or
03:45:54PM  17   substance abuse.  I don't think he has done any of those.
03:45:59PM  18   He used it.
03:46:01PM  19           That's why I think this is kind of heavy handed at
03:46:07PM  20   this moment in time when he has not been in any trouble.
03:46:11PM  21   He is working.  He is having a hard time mentally.  And so
03:46:15PM  22   this is one of the things he has tried.
03:46:23PM  23           I guess I think it is just -- it is easy to say,
03:46:28PM  24   "Yeah, go ahead, let's treat him for the time he smoked
03:46:31PM  25   marijuana."  He didn't need treatment back 13 years ago,
```

whenever it was, and he doesn't need it at this moment now.

I just don't think that is -- I think he is doing fine, other than he is having some mental health issues. I think that would be probably more helpful at this moment than to say, "You can't use marijuana." I think if he has mental health issues, then certainly evaluations and potential treatment in that regard would be appropriate.

You know, this marijuana is a difficult thing to discuss at this time between the states and the federal government. But I don't know that that means he -- I don't believe at this moment in time he is addicted or dependent on drugs.

So I don't know that -- I think that mental health treatment is the thing that he needs. I don't think that he needs treatment for a health issue he doesn't have at this point.

I guess that's -- I just -- You know, I think -- The probation officer told him some judges aren't directing testing for cannabis up in Seattle. That was something that --

He's not livid about this whole thing. He is not upset or mad. He is trying to help himself, and this was one of the ways that he was trying to help himself.

Anyway, I don't think he needs that at this point in

```
03:48:24PM  1   time.  I think he needs mental health treatment.  I think
03:48:27PM  2   that would --  I don't think he has shown that he is
03:48:33PM  3   addicted or dependent upon drugs in any way.  He never was
03:48:38PM  4   and he never will be at this point.  Thank you.
03:48:42PM  5              THE COURT:  Mr. Hampton, you have a right to
03:48:44PM  6   address the Court before disposition here is determined.
03:48:48PM  7   It is not required, but you are welcome to.
03:48:51PM  8              THE DEFENDANT:  Your Honor, I think that --
03:48:55PM  9              THE COURT:  Would you stand?
03:48:55PM 10              THE DEFENDANT:  Sorry about that.  I think he
03:48:59PM 11   expressed where I'm at.  If I have to stop, I would pass
03:49:06PM 12   with flying colors.  I don't want to go back to prison.  I
03:49:10PM 13   thanked him.  I stand here and thank you for saving my
03:49:13PM 14   life.  I was looking at the rest of my life.  I am glad to
03:49:16PM 15   be free.
03:49:17PM 16        Whatever is expected of me, I will do it.  I don't
03:49:20PM 17   have a drug problem, though.  Sometimes I don't think I
03:49:23PM 18   have a mental problem.  I think after everything I have
03:49:27PM 19   been through, I am excited to be a part of freedom.
03:49:32PM 20   Whatever the Court decides, I am willing to adhere to.
03:49:37PM 21              THE COURT:  All right.  Thank you.  You may be
03:49:39PM 22   seated.
03:49:41PM 23        I am going to make it a condition of testing, not
03:49:44PM 24   treatment.  This is a situation where you honestly
03:49:51PM 25   answered the question of the probation officer, if you had
```

1   been consuming marijuana, and you self-reported in that.
2           You have indicated that you can follow the Court's
3   direction.  I am saying that I'm not going to -- I'm not
4   following the course some colleagues I think have taken,
5   which is, of course, having a more relaxed attitude about
6   marijuana.  You just have to put me in the camp of
7   believing that the rule of law is --  It's a violation of
8   federal law.  I know it is legal in the state of
9   Washington.  But we can't -- I don't think it is good to
10  go down the road of saying, "Well, it is okay for you to
11  use marijuana because it is okay in Washington, and we
12  think marijuana is not nearly as dangerous as these other
13  Schedule 1 drugs."
14          I'm going to require you to follow the law and
15  abstain from the use of marijuana.  I'm not going to
16  include alcohol in that, because there is no indication
17  that alcohol is an issue here.  You are to refrain from
18  the use of marijuana and will be subject to random testing
19  as directed by the Probation Office.  Also to participate
20  in a mental health treatment program, which I think can be
21  beneficial for you.
22              MS. WILLIAMS:  I don't believe we need a judgment
23  since it is not a revocation.
24              THE COURT:  It is a modification or change of
25  conditions.  Mr. Bassett can, consistent with the Court's

```
03:51:55PM   1   direction here, include that and submit it to the Court
03:51:58PM   2   for modification.  We can follow that format.
03:52:03PM   3           PROBATION OFFICER:  You would prefer to have it
03:52:04PM   4   submitted via 12(b) modification?
03:52:09PM   5           THE COURT:  What?
03:52:10PM   6           PROBATION OFFICER:  A 12(b) modification at a
03:52:12PM   7   later time or would you like to do that now on the record?
03:52:15PM   8           THE COURT:  No, it can be done in the next day or
03:52:18PM   9   two.  Just send it up with that modification, and the
03:52:21PM  10   Court will approve it after Mr. Olbertz has had a chance
03:52:24PM  11   to review it.
03:52:32PM  12       You do have a right to appeal that decision.  If you
03:52:36PM  13   do, it will have to be within 14 days of entry of the
03:52:39PM  14   modified condition.
03:52:42PM  15       I think you are going to do fine.  I think you want
03:52:46PM  16   to have a productive life.  I am trusting that this mental
03:52:54PM  17   health counseling can help you in this plan.  Of course,
03:52:58PM  18   that's what the Probation Office is there for, to provide
03:53:01PM  19   resources, not to just be policing conduct.  Is there
03:53:05PM  20   anything else?
03:53:06PM  21           MS. WILLIAMS:  Not from the government, your
03:53:08PM  22   Honor.
            23           THE COURT:  We will be at recess.
            24           MR. OLBERTZ:  Thank you, your Honor.
            25                 (Proceedings recessed.)
```

*Barry L. Fanning, RMR, CRR - Official Court Reporter*
(253) 882-3833 Barry_Fanning@WAWD.uscourts.gov
*1717 Pacific Ave - Tacoma, WA 98402*

```
 1                    C E R T I F I C A T E
 2
 3
 4    I, Barry Fanning, Official Court Reporter for the United
 5    States District Court, Western District of Washington,
 6    certify that the foregoing is a true and correct
 7    transcript from the record of proceedings in the
 8    above-entitled matter.
 9
10
11
12    _____
      /s/ Barry Fanning
13    Barry Fanning, Court Reporter
```